CENTER FOR DISABILITY ACCESS
Amanda Seabock, Esq., SBN 289900
Isabel Masanque, Esq., SBN 292673
Josie Zimmermann, Esq., SBN 324511
100 Pine Street, Suite 1250
San Francisco, CA 94111
(858) 375-7385; (888) 422-5191 Fax
Email: josiez@potterhandy.com

Attorneys for Plaintiff

Wayne C. Arnold, SBN 103194
Castellan Law Group, APC
1100 W. La Habra Blvd.
La Habra, CA 90631
Telephone: 626-662-0628
Cell: 714-271-5214
Email: warnold@castellanlaw.com

Attorneys for Defendant

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Orlando Garcia,** | Case No. 3:22-cv-00168-WHO |
| Plaintiff, | |
| v. | **CONSENT DECREE AND [PROPOSED] ORDER** |
| **Thrifty Payless, Inc.,** a California Corporation Defendant. | **Hon. William H. Orrick** |

**TO THE COURT, ALL INTERESTED PARTIES AND ATTORNEYS OF RECORD:**

1.      Plaintiff, Orlando Garcia, filed this action (known as Case No. 4:22-cv-00168-WHO) against Defendant Thrifty Payless, Inc., a California Corporation, (hereinafter, "Defendant") seeking money damages and injunctive relief for, *inter alia*, violations of the Americans with Disabilities Act of 1990 (the "ADA"), Unruh Civil Rights Act and corresponding state law claims, as well as common law claims, in the United States District Court for the Northern District of California on January 11, 2022. (Dkt.1) Defendant Thrifty Payless, Inc., filed its Answer on February 17, 2022. (Dkt. 12).

2.      Defendant and Plaintiff (collectively sometimes referred to herein as the "Parties" or separately as a "Party") wish to settle the portion of the case relating to issues of injunctive relief and hereby desire to enter into this Consent Decree. The Parties hereby enter into this Consent Decree and Order for the purpose of resolving certain specified aspects of the lawsuit without the need for protracted litigation, and without the admission of any liability by either Party whatsoever, including but not limited to liability as to the issues of damages and/or fees.

**JURISDICTION:**

3.      Plaintiff asserts that the Court has jurisdiction of this matter for alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. 12101, et seq., pursuant to supplemental jurisdiction under California's Unruh Civil Rights Act, and 28 U.S.C. §1331, §1343(a)(3) and (a)(4) and §1391(b).

4.      In order to avoid the costs, expense, and uncertainty of protracted litigation, the Parties agree to entry of this Order to resolve all claims regarding injunctive relief raised in the above-entitled Action. Accordingly, the Parties agree to the entry of the proposed Order related to this Consent Decree without trial or further adjudication of the issues addressed herein.

**NO DISMISSAL OF ACTION REQUESTED:**

5.      As noted herein, monetary issues are still at issue and accordingly the Parties do not request that the Honorable Court dismiss the action at this time.

**WHEREFORE**, the Parties hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provides as follows:

**SETTLEMENT OF INJUNCTIVE RELIEF:**

6.      This Order shall be a full, complete, and final disposition and settlement of Plaintiff's claims against Defendant and any other parties for injunctive relief that have arisen out of the acts and/or omissions alleged, or which could have been alleged, in the subject Complaint.

7.      The Parties agree and stipulate that the corrective work will be performed in compliance with Exhibit "A" attached hereto.

8.      Remedial Measures:  The corrective work agreed upon by the Parties is attached here to as Exhibit "A". Defendant agrees to undertake all of the remedial work set forth therein.

9.      Timing of Injunctive Relief:  Exhibit "A" also includes the estimated timeframe for completing the work described therein. In the event that unforeseen difficulties prevent Defendant from completing any of the agreed-upon injunctive relief within the timeframes specified, Defendant or its counsel will notify Plaintiff's counsel, in writing, within fifteen (15) days after discovering any such difficulties. Defendant, or its counsel, will promptly notify Plaintiff's counsel when the corrective work is complete, and in any case, will provide a status report on or before December 6, 2022.

**ISSUES RELATED TO DAMAGES, ATTORNEYS FEES, LITIGATION EXPENSES, AND COSTS REMAIN UNRESOLVED:**

10.      The Parties have not reached an agreement regarding Plaintiff's claims for damages, attorneys' fees, litigation expenses and costs in this Action (collectively, the "Unresolved Issues"). These Unresolved Issues shall be the subject of further negotiation, settlement, litigation, and/or motions to the Court. Should the Parties later reach an agreement regarding the Unresolved Issues, the terms of that agreement will be set forth in a separate settlement agreement. Nothing set forth herein shall be deemed to in any way limit or effect a waiver of either Parties' past, present, or future rights and/or remedies to recover damages, attorneys' fees, litigation expenses, or costs in connection with each of their alleged losses, costs, damages, claims, and causes of action as set forth in each of the operative pleadings or otherwise.

**ENTIRE CONSENT ORDER:**

11.     This Consent Decree and Order and Exhibit "A" to the Consent Decree, which is incorporated herein by reference as if fully set forth in this document, constitute the entire agreement between the signing Parties on all matters of injunctive relief, and no other statement, promise, or agreement, either written or oral, made by any of the Parties or agents of any of the Parties, that is not contained in this written Consent Decree and Order, shall be enforceable regarding the matters of injunctive relief specifically described herein.

**TERM OF THE CONSENT DECREE AND ORDER:**

12.     This Consent Decree and Order shall be in full force and effect for a period of twenty-four (24) months after the date of entry of this Consent Decree and Order, or until the injunctive relief contemplated by this Order is completed, whichever occurs later. The Court shall retain jurisdiction of this action to enforce provisions of this Order for twenty-four (24) months after the date of this Consent Decree, or until the relief contemplated by this Order is completed, whichever occurs later.

**SEVERABILITY:**

13.     If any term of this Consent Decree and Order is determined by any court to be unenforceable, all other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

**SIGNATORIES BIND PARTIES:**

14.     Signatories on the behalf of the Parties represent that they are authorized to bind the Parties to this Consent Decree and Order. This Consent Decree and Order may be signed in counterparts and a facsimile or e-mail signature shall have the same force and effect as an original signature.

15.     Electronic signatures may also bind the Parties and/or their representative(s) as set forth in all applicable Local Rules. The undersigned counsel for Plaintiff does hereby attest that all electronic signatures are affixed only with the express written permission of the signatory.

Respectfully Submitted,

Dated: June 9, 2022                    CENTER FOR DISABILITY ACCESS

                                       By:  __/s/Josie Zimmermann_____
                                          Josie Zimmermann, Esq.
                                          Attorney for Plaintiff


Dated: July 21, 2022                   CASTELLAN LAW GROUP, APC


                                       By:____/s/Wayne C. Arnold_____
                                          Wayne C. Arnold
                                          Lisa D. Herzog,
                                          Attorneys for Defendant


**IT IS SO ORDERED.**  The Clerk shall administratively close the case; this closure does not affect the validity of the consent decree or any party's rights.

Dated: July 22, 2022
                                       _____
                                       Honorable William H. Orrick
                                       United States District Judge